IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMMY ANTONIO DAWSON | § | |
| (TDCJ No. 681033), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-1651-N-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Timmy Antonio Dawson , a Texas inmate, proceeding *pro se*, has filed

a motion seeking permission to file an application for writ of habeas corpus under 28

U.S.C. § 2254. *See* Dkt. No. 3. For the reasons explained below, the application, as

Dawson appears to acknowledge, is an unauthorized successive petition, and the Court

should transfer it to the United States Court of Appeals for the Fifth Circuit for

appropriate action.

**Applicable Background**

In 1994, Dawson was convicted in state court of murder and was sentenced to

99 years' imprisonment. *See State of Texas v. Timmy A. Dawson*, No. F-94-40449-HU

(291st Dist. Ct., Dallas Cty., Tex. May 25, 1994). His conviction and sentence were

affirmed on direct appeal. *See Dawson v. State,* No. 05-94-00891-CR, 1998 WL 289774

(Tex. App. – Dallas June 5, 1998, pet. refused).

Dawson filed multiple state applications for writ of habeas corpus. As this Court already has recounted, "[t]he Texas Court of Criminal Appeals dismissed the first writ because Petitioner's direct appeal was still pending. The Court denied Petitioner's second application without written order. Petitioner's third, fourth and fifth state applications were dismissed." *Dawson v. Quarterman*, No. 3:06-cv-1190-B, 2006 WL 2724018, at *1 (N.D. Tex. Sept. 20, 2006).

This Court denied Dawson's first federal habeas corpus petition on the merits. *See Dawson v. Johnson*, No. 3:99-cv-1984-T, Dkt. Nos. 13, 15, 16 (N.D. Tex. Oct. 19, 2000). Subsequent federal habeas petitions were all found to be successive and either dismissed for lack of jurisdiction or transferred to the United States Court of Appeals for the Fifth Circuit. *See, e.g., Dawson v. Cockrell*, No. 3:02-cv-2236-D, 2002 WL 31875597 (N.D. Tex. Dec. 20, 2002); *Dawson v. Quarterman*, 2006 WL 2724018; *Dawson v. Quarterman*, No. 3:06-cv-1274-L, 2006 WL 2820069 (N.D. Tex. Sept. 29, 2006).

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

Section 2244 lays out the requirements for filing successive petitions,

serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same judgment(s), a court "'look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of AEDPA to ensure that there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836

(collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). But that determination must be made by a three-judge panel of the circuit court of appeals before a petitioner files an application in district court. *See id.* § 2244(b)(3); *see also Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003))).

Dawson's current filing states that he is not challenging his conviction but "his illegal and void sentence due to an illegal enhancement paragraph." Dkt. No. 3 at 1.

-4-

Regardless, his current claims are successive within the meaning of AEDPA.

And his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this] court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone*, 324 F.3d at 836; *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Dawson] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

Because Dawson seeks pre-filing permission – albeit in the wrong court – transfer, as opposed to dismissal without prejudice, appears appropriate. But the Court reminds Dawson that the Fifth Circuit has warned him more than once "that the filing of frivolous motions and other documents will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *Dawson v. Stephens*, No. 15-10071 (5th Cir. Feb. 18, 2016) (per curiam). So, Dawson pursues permission to file a successive habeas action at his peril.

**Recommendation**

The Court should transfer Dawson's current habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE