## United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

July 25, 2018

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 18-10757   Timmy Dawson v. Lorie Davis, Director
                          USDC No. 3:17-CV-1651

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Cindy M. Broadhead, Deputy Clerk
                            504-310-7707

cc w/encl:
    Mr. Timmy Antonio Dawson

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10757

TIMMY ANTONIO DAWSON,

       Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

       Respondent - Appellee

A True Copy
Certified order issued Jul 25, 2018

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:

    This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this 28 U.S.C. § 2254 case, the petitioner is attempting to appeal from a certified copy, which the district court placed on the docket as Dkt. No. 9, of this court's order denying petitioner's motion for leave to file a second or successive application for a writ of habeas corpus.

    "Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant

to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809–10 (5th Cir. 1993). A copy of this court's order that the district court placed on the docket is not a final or otherwise appealable order. Accordingly, we do not have jurisdiction over this appeal, and it is DISMISSED.